■ In the Matter of the Claim of SOPHIE JAGODZINSKI, Respondent, v. GEORGE CREAN PROVISION Co. et al., Appellants. WORKMEN'S COMPENSATION Board, Respondent.— AULISI, J. The employer and its insurance carrier appeal from an award for reduced earnings, the sole issue being as to rate.

The compensation claim was not controverted and carrier paid awards in full for claimant's disability up to September 13, 1961. The controversy involved on this appeal concerns the amount of the award for the partial disability continuing after September 13, 1961. The Referee inserted in his original decision a 25% disability; but crossed that figure out, substituting the flat award of $12 per week. In affirming, the board stated: "considering the nature of the injuries and claimant's physical impairment, the reduced earnings rate of $12 subsequent to September 13, 1961, reasonably represents claimant's earning capacity." Since claimant's average weekly wage before the accident was $27, the $12 award indicates a partial disability of 66⅔% computed according to the formula set forth in subdivision 5 of section 15 of the Workmen's Compensation Law. The evidence most favorable to claimant was of a 30% disability. Relying on *Matter of Blum* v. *Jo-Mar Sportswear Co.* (19 A D 2d 440), claimant urges that the board's determination here must be sustained. In *Blum* as appears from the record on appeal, there was medical evidence of "considerable" disability and some indication, indeed, of total disability, which warranted the board's disregarding the 25% set by the Referee; while here the record demonstrates not only the 30% disability which has been alluded to, but repeated references to "mild" or "very mild" partial disability. Although a minimum of a $20 rate is set, in no event shall compensation when combined with earning capacity exceed the amount of wages being received at the time of injury. (Workmen's Compensation Law, § 15, subd. 6, par. [b].) Thus, in *Matter of Maliszewski* v. *New York Tel. Co.* (8 A D 2d 676) we reversed because the then minimum when combined with the earning capacity exceeded the preaccident wage rate. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.